RECEIVED

USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK

DATE _3_ / _12_ / _13_

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

ROBERT WAYNE WARREN          DOCKET NO. 12-CV-313; SEC. P

VERSUS                      JUDGE DRELL

LOUISIANA STATE PENITENTIARY      MAGISTRATE JUDGE KIRK

### REPORT AND RECOMMENDATION

*Pro se* Petitioner Robert Wayne Warren, filed the above-captioned Petition for Writ of *Habeas Corpus* on December 20, 2011, in the Eastern District of Louisiana.  The case was transferred to this district on January 27, 2012.  [Doc. #6]  Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections.  Warren is incarcerated at Louisiana State Penitentiary in Angola, Louisiana.  He attacks his March 23, 2006, conviction in Louisiana's Thirty-Fifth Judicial District Court of aggravated rape and two counts of sexual battery.

The petition has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing order of the Court.

#### *Background*

Robert Wayne Warren was convicted by a jury on March 23, 2006, of one count of aggravated rape and two counts of sexual battery. He was sentenced to life in prison, in addition to two ten year terms of imprisonment.  Petitioner filed a motion for post-verdict judgment of acquittal or, alternatively, for a new trial.  The trial court denied relief.

Petitioner appealed to the Louisiana Third Circuit Court of Appeals arguing that the evidence was insufficient to sustain the conviction, that the court violated La.Code Crim.P. art 793 by allowing the jury to view transcripts of the victims' statements after it had retired to deliberate, and that the judge erred in denying his motion for a new trial without a contradictory hearing. The court found sufficient evidence to affirm the convictions, but remanded the case to the trial court for "an evidentiary hearing to determine whether the jury reviewed the transcripts of the victims' interviews during deliberations and whether the defendant timely objected to any alleged error." State v. R.W.W., 06-1253, pp. 12-13 (La.App. 3 Cir. 3/7/07), 953 So.2d 131, 138.

The hearing on remand was conducted on October 12, 2007. After listening to the testimony of the jurors, court personnel, and observers, the trial court, providing reasons for ruling, found no reversible error.[1] Accordingly, it denied relief on April 21, 2008. Petitioner appealed, and the appellate court affirmed the convictions on November 12, 2008. State v. R.W.W., 999 So.2d 33, 2008-829 (La.App. 3 Cir. 11/12/08), rehearing denied (Jan 28, 2009). Petitioner filed a writ application in the Louisiana

---

[1]The trial court found (1) that copies of the victims' transcripts were handed out in the courtroom to fewer than all jurors, (2) the defendant objected while the transcripts were being passed out, (3) the transcripts were immediately retrieved in response to the objection, and (4) the jurors did not examine the victims' transcripts in the jury room during deliberations. [Doc. #1-2, p.20]

Supreme Court, which was denied on March 27, 2009.  State v. R.W.W., 5 So.3d 130, 2007-0820 (La. 3/27/09).

Petitioner filed an application for post-conviction relief in the trial court, which was denied on September 3, 2009. [Doc. #1-1, p.6] He filed a writ application in the Third Circuit, Docket No: KH-09-1143, on September 29, 2009 [Doc. #1-2, p.39], which was denied on *March 10, 2010*. [Doc. #8, p.2] *Petitioner alleges that he did not receive notice of the denial until May 11, 2011.* [Doc. #8, p.2 and 8-1, p.3]  Petitioner says that, after receiving notice of the March 2010 ruling on May 11, 2011, he filed a Motion for Extension of Time in the Louisiana Supreme Court, which was granted.  [Doc. #8-1, p.8]  However, on November 23, 2011, the Supreme Court denied writs.  State ex rel. Warren v. State, 76 So.3d 1150, 2011-1111 (La. 11/23/11).  Petitioner then sought habeas relief in the Eastern District of Louisiana on December 20, 2011.  The case was transferred to this district on January 27, 2012.  Plaintiff was ordered to amend his complaint on August 9, 2012, and again on December 10, 2012.

## Law and Analysis

Under 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a prisoner in custody pursuant to the judgment of a state court has a one (1) year period within which to file an application for a writ of habeas corpus. The limitation period runs from the date on which the judgment

3

became final by the conclusion of direct review or the expiration of the time for seeking such review.  28 U.S.C. § 2244(d)(1)(A). As provided by §2244(d)(2), the time during which a properly filed application for state post-conviction or other collateral review, with respect to the pertinent judgment or claim, is pending shall not be counted toward any period of limitation under this subsection.  A "properly filed application is one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing."  Galindo v. Johnson, 19 F.Supp.2d 697, 701 (W.D.Tex. 1998).

Petitioner's judgment of conviction became final for AEDPA purposes on or about June 27, 2009, ninety days after the Louisiana Supreme Court denied his writ application.  See Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999).  Petitioner filed his application for post conviction relief between March 27, 2009 and September 9, 2009.  Once his application for PCR was filed, the AEDPA limitations period was tolled.  The Third Circuit denied writs on **March 10, 2010**, and the ruling states that it was mailed to all parties and counsel on that date. [Doc. #8, p.2]  Petitioner had thirty days **from the date of the ruling, March 10, 2010,** to seek writs in the Supreme Court.  However, Petitioner did not file his writ application until more than one year later.

Interestingly, Petitioner presented to the Louisiana Supreme Court a different time line of events.  Petitioner requested an

4

extension of time in the Louisiana Supreme Court from a purported **May 10, 2011** judgment of the Court of Appeals, which he said he received on **May 13, 2011.**  He argued that he was entitled to an extension of the thirty day deadline for filing a writ application from the **"May 10, 2011"** judgment because of a state created impediment - a "State of Emergency" in the State of Louisiana requiring the evacuation of most inmates at Angola.  [Doc. #8-1, p.6]  Based on the erroneous information, the Louisiana Supreme Court granted Petitioner a 60 day extension of time from the non-existent "May 10, 2011" appellate court ruling.

In reality, the judgment of the Court of Appeals was issued on **March 10, 2010,** and Petitioner had thirty days from **that date** to seek writs in the State's Supreme Court or from which to request an extension of time.[2]

Regardless, Petitioner's application for post-conviction relief ceased to be "properly filed" or "pending" so as to toll the AEDPA limitations period either on March 10, 2010 (when the Third Circuit denied writs and mailed its notice of judgment) or, at the latest, on or about **April 10, 2010** (when the Rule X thirty (30) day period for seeking writs from the Louisiana Supreme Court expired). See Williams v. Cain, 217 F.3d 303 (5th Cir. 2000).  Therefore, the

---

[2]When asked to produce the May 10, 2011, judgment referenced multiple times in his Supreme Court filing and allegedly received on May 13, 2011, Petitioner claimed that those dates were typographical errors made by someone in the legal department at Angola, and that what they meant to reference was the ruling from over one year prior received on May 11, 2011.

habeas petition before this Court is not timely.

The AEDPA's one-year statutory deadline is not a jurisdictional bar however, and can equitably tolled in "rare and exceptional circumstances." Felder v. Johnson, 204 F.3d 168, 170-71 (5th Cir. 2000); Davis v. Johnson, 158 F.3d 806, 810-11 (5th Cir. 1998). The doctrine "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." See Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999)(quoting Rashidi v. American President Lines, 96 F.3d 124, 128 (5th Cir. 1996)). It "preserves a [party's] claims when strict application of the statute of limitations would be inequitable." Davis, 158 F.3d at 810 (quoting Lambert v. United States, 44 F.3d 296, 298 (5th Cir. 1995)). *A petitioner must "diligently pursue his §2254 relief", however, in order to obtain equitable tolling.* Coleman, 184 F.3d at 403. He must meet "the high hurdle of showing (1) extraordinary circumstances (2) beyond his control (3) that made it impossible to file his petition on time." Henderson v. Johnson, 1 F.Supp.2d 650, 654 (N.D.Tex. 1998). Petitioner has the burden to show that he is entitled to equitable tolling. See Phillips v. Donnelly, 223 F.3d 797, 797 (5th Cir. 2000)(per curiam).

Courts must examine each case in order to determine whether there are sufficient exceptional circumstances present that warrant equitable tolling. Fisher v. Johnson, 174 F.3d 710, 713 (5th

Cir.1999).   When a prisoner contends that his ability to file a federal habeas petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted.   See Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999).   In particular, courts should look to whether a petitioner pursued state habeas relief with diligence, including whether he timely inquired about the status of his state writ. Hardy v. Quarterman, 577 F.3d 596 (5th Cir. 2009).

In this case, the only person or entity misled was the Louisiana Supreme Court.   Even if the erroneous information provided to the court was "typographical errors", Petitioner has not alleged or presented evidence indicating that he diligently pursued his §2254 relief with regard to his Third Circuit writ. The writ application was filed in 2009.  Petitioner does not allege that he ever contacted the appellate court from 2009, until the ruling turned up in 2011, to inquire about the status of his writ. He presents no evidence of diligence on his part nor any other exceptional circumstances that would warrant equitable tolling in this case.  Petitioner has not met his burden of showing that he is entitled to equitable tolling.   See Phillips, 223 F.3d 797.

**For the forgoing reasons, IT IS RECOMMENDED** that this petition for writ of habeas corpus be **DENIED AND DISMISSED WITH PREJUDICE** because Petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

7

### *Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

### *Certificate of Appealability*

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties  may file a

8

memorandum setting forth arguments on whether a certificate of appealability should issue.  See 28 U.S.C. §2253(c)(2).  A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

   **THUS DONE AND SIGNED** at Alexandria, Louisiana, this _____ day of March, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE
